KRISTEN L. MARTINI, ESQ.
State Bar No. 11272
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One East Liberty Street, Suite 300
Reno, NV 89501
Tel: 775.823.2900
Fax: 775.823.2929
kmartini@lrrc.com

J. CHRISTOPHER JORGENSEN, ESQ.
State Bar No. 5382
BRIAN D. BLAKLEY, ESQ.
State Bar No. 13074
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Tel: 702.949.8200
Fax: 702.949.8398
cjorgensen@lrrc.com
bblakley@lrrc.com

*In Association With:*

PAMELA B. PETERSEN, ESQ.
State Bar No. 6451
AMY L. NGUYEN, ESQ. (*Pro Hac*)
AXON ENTERPRISE, INC.
17800 N. 85th Street
Scottsdale, AZ 85255
Tel: 623.326.6016
Fax: 480.905.2027
ppetersen@axon.com
amynguyen@axon.com
legal@axon.com
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

DOUGLAS RICHEY, on behalf of himself and all others similarly situated,

Plaintiff,

v.

AXON ENTERPRISE, INC., formerly d/b/a TASER INTERNATIONAL, INC.,

Defendant.

**Case No.: 3:19-cv-00192-MMD-CBC**

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties hereby agree as follows:

1. Any party or non-party may designate as "confidential" (by stamping the relevant page or as other otherwise set forth herein) any document or response to discovery which that party

or non-party considers in good faith to contain information involving trade secrets, or other non-public financial, personal, proprietary, or competitively sensitive information, subject to protection under the Federal Rules of Civil Procedure or Nevada law ("Confidential Information"). Any party or non-party may designate as "Attorneys' Eyes Only" (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery when that party or non-party believes in good faith that (1) the material contains Confidential Information; and (2) good cause exists to permit disclosure only to the attorneys and paralegals for the parties, experts retained by the parties' attorneys (subject to paragraph 4(d) herein), and the Court, and not to any other person or entity, including the parties or any employee or agent of the parties, except as expressly set forth herein ("AEO Information."). Where a document or response consists of more than one page, the first page and each page on which Confidential or AEO Information appears shall be so designated.

2. A party or non-party may designate information disclosed during a deposition or in response to written discovery as Confidential or AEO Information by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Confidential or AEO Information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 9 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 9 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

3. All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of litigating this case.

4. Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, material designated as "Confidential Information" shall not be disclosed to any person other than:

    (a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

    (b) employees of such counsel;

    (c) individual defendants, class representatives, any officer or employee of a party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

    (d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification attached to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information;

    (e) any authors or recipients of the Confidential Information;

    (f) the Court, Court personnel, and court reporters; and

    (g) witnesses (other than persons described in paragraph 4(e)). A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

5. Material designated as AEO Information may be disclosed <u>only</u> to the receiving party's counsel, including the employees of counsel who have direct working responsibilities in connection with this litigation, and the non-party expert witnesses employed by receiving counsel to assist in the preparation and trial of this lawsuit, provided that any such expert is first advised of, and agrees to be bound by, the provisions of this Order and executes a copy of the Certification

attached to this Order as Exhibit "A" before being shown or given any AEO Information. Material designated as AEO Information may also be disclosed to the Court and its staff, the author or recipient of the material, or a custodian or other person who otherwise possessed or knew the material. Material designated as AEO Information shall not be disclosed to any other person or entities.

6. Any persons receiving Confidential or AEO Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

7. Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the Court's electronic filing procedures in accordance with Local Rule IA 10-5. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010).

8. A party may designate as "Confidential" or "Attorneys' Eyes Only" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

9. If a party contends that any material is not entitled to confidential or AEO treatment, such party may, at any time, give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have thirty (30) days from the receipt of such written notice to move for an order to confirm the confidential or AEO designation. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

10. Notwithstanding any challenge to the designation of material as Confidential Information or AEO Information, all documents shall be treated as such and shall be subject to the provisions of this Order unless and until one of the following occurs:

(a) the designating party or non-party withdraws the designation in writing; or

(b) the designating party or non-party fails to move for an order confirming the confidential or AEO designation within the time period specified above; or

(c) the Court rules that the material does not qualify for the confidential or AEO designation.

11. All provisions of this Order restricting the communication or use of Confidential or AEO Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential or AEO Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall, upon written request by the designating party, either (a) return such documents no later than thirty (30) days after receiving the written request to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

12. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

13. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

14. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

DATED this 4th day of June, 2020.

**ORDER**

**IT IS SO ORDERED.**

UNITED STATES MAGISTRATE JUDGE

Dated: June 5, 2020

**EXHIBIT 1**

**CERTIFICATION AND**

**DECLARATION OF COMPLIANCE**

I, ______________________________ [print or type full name], of ______________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Confidentiality and Protective Order that was issued by the United States District Court for the District of Nevada, on the ____ day of _____________, 2020, in the case of *Richey v. Axon Enterprise, Inc.*, Case No. 3:19-cv-00192-MMD-CBC. I agree to comply with and to be bound by all the terms of the Stipulated Confidentiality and Protective Order. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Confidentiality and Protective Order to any person or entity except in strict compliance with the provisions of this Order. Upon written request by the designating party, I will return the Confidential or Attorneys' Eyes Only Information—including copies, notes or other transcriptions made therefrom—to the counsel who provided me with the Confidential or Attorneys' Eyes Only Information no later than thirty (30) days after the written request. I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the terms of the Stipulated Confidentiality and Protective Order.

Date: _________________________________________

City and State where sworn and signed: _________________________________________

Signature:_____________________________________
[signature]