# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DOUGLAS RICHEY, on behalf of himself and all other similarly situated,

Plaintiff,

v.

AXON ENTERPRISES, INC., formerly d/b/a TASER INTERNATIONAL, INC.

Defendant.

3:19-cv-00192-MMD-CLB

**ORDER**

Before the court is the motion of defendant Axon Enterprises, Inc. ("Defendant") to stay discovery pending the Court's ruling on Defendant's motion to strike. (ECF No. 64). Plaintiff responded, (ECF No. 65.), and Defendant replied. (ECF No. 72). The court has reviewed the relevant pleadings and papers, and, for the reasons set forth below, the court grants the motion, in part, and denies, the motion, in part.

## I. BACKGROUND

This case concerns the alleged defect of Defendant's model "C2" consumer CEW[1] for personal self-defense that discharged while in the Plaintiff's pocket. (ECF No. 70). Plaintiff contacted Defendant's customer service representative to inquire about the problem. (*Id.* at 8). The representative explained that the engineers are currently aware of the safety switch active activation issue and are working on a solution. (*Id.*). On February 14, 2020, Plaintiff filed their First Amended Complaint ("FAC"). (ECF No. 54). On April 14, 2020, Defendant filed the motion to strike certain allegations contained in the FAC. (ECF No. 61). Defendant also filed a motion for a limited stay of discovery to stay any discovery

---

[1] Conducted Electrical Weapon from TASER

-1-

from proceeding on those allegations Defendant's had moved to strike, which Plaintiffs opposed. (ECF Nos. 64, 65).

After these motions were filed, the parties stipulated to Plaintiff filing a Second Amended Complaint ("SAC"), which was granted. (ECF Nos. 68, 69). The SAC removed some, but not all, of the allegations Defendant had moved to strike from the FAC. Ultimately, Plaintiff then filed the SAC on May 27, 2020. (ECF No. 70). At this point, the only operative pleading in the case was the SAC – not the FAC. In spite of this, Defendants did not withdraw the motion to strike aspects of the FAC, or the motion to stay. Rather, the parties simply continued with briefing on both motions -- shifting to only those allegations in the SAC the parties disputed. Proceeding in this way has placed the court in the position of attempting to discern what aspects of the SAC Defendant is seeking to strike and, significant to this order, what aspects of discovery Defendant now seeks to stay.

## II.   DISCUSSION

Based on the court's review of the SAC and the various filings related to the motions to strike and stay, it is the court's interpretation that Defendant seeks to only stay one limited aspect of discovery related to Defendant's sales of law enforcement models to state, federal and local agencies. (*See* ECF No. 76 at 2) (Defendant's reply in support of motion to strike asserting there is only "one" remaining issue for the court to decide relative to the motion to strike: whether Richey is legally barred from represented state, federal, and local law enforcement agencies.)

Courts have broad discretionary power to control discovery, including the decision to allow or deny discovery. *See e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Under the Federal Rules of Civil Procedure, the court may stay or limit the scope of discovery upon a showing of good cause by the moving party. Fed. R. Civ. P. 26(c). Meeting the "good cause" requirement is no easy task. The party seeking the stay must make a "strong showing" as to why discovery should be denied; broad statements about inconvenience, cost, or a need for protection are insufficient. *Blankenship v. Hearst Corp.*,

519 F.2d 418, 429 (9th Cir. 1975); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 503 (D. Nev. 2013).

To determine if a stay of discovery is appropriate, the court considers the following factors: (1) whether the pending motion is potentially dispositive of the case; (2) whether the motion can be decided without additional discovery; and, (3) whether the court is convinced that the plaintiff cannot state a claim for relief. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013); *First Am. Title Ins. Co. v. Commerce Assocs., LLC*, No. 2:15-cv-832-RFB-VCF, 2015 WL 7188387, at *2 (D. Nev. Nov. 13, 2015). In order to determine whether the plaintiff can state a claim, the court must take a "preliminary peek" at the merits of the underlying dispositive motion – in this case the motion to strike. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602-03 (D. Nev. 2011). The "preliminary peek" does not prejudge the outcome of the motion; it merely evaluates whether an order staying discovery is warranted. *Id.* at 603. In doing so, the court considers the goal of Federal Rule of Civil Procedure 1, which provides that the Rules should "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." With Rule 1 as its prime directive, the court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case. *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997); *see also Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989).

In this instance, the parties appear to agree that the motion to strike would be dispositive as to the issues Defendant seeks to strike from the SAC and discovery is not needed to decide the motion to stay. Therefore, the court will focus on the last – i.e., whether the court is convinced that the motion to strike is meritorious and whether a limited stay of discovery is appropriate.

Defendant moves the court to enter a limited stay of discovery related to its sales of law enforcement models to federal, state, and local law enforcement agencies. Defendant asserts Plaintiff cannot represent federal, state, and local law enforcement agencies in this class action. (ECF No. 64 at 13). However, after reviewing the filings related to the motion to strike and conducting independent research, it appears that this exact issue has not been addressed by the Ninth Circuit. In fact, it appears to be a jurisdictional split related to whether federal, state, or local agencies can be included in a class action lawsuit as plaintiffs. For example, *In re Flonase Antitrust Litigation*, the Eastern District of Pennsylvania allowed class certification which permitted the United States government and certain state governments and their agencies to be included as class members to the extent they purchased fluticasone for their employees. No. 08-3301, 2015 WL 9273274, at *1 (E.D. Penn. 2015); *see also S. States Police Benevolent Ass'n v. First Choice Armor & Equip.*, 241 F.R.D. 85, 93 (D. Mass. 2007) (stating courts may certify state agencies as part of a class action so long as there is an opportunity to opt out of the class); *In re Lupron Mktg. & Sales Practices Litig.*, 228 F.R.D. 75 (D. Mass 2005) (certifying a class of all persons or entities who paid for Lupron during a period from January 1, 1991, through September 30, 2001).

However, *In re McKesson Governmental Entities Average Wholesale Price Litigation,* the court did not allow federal or state entities to be certified as plaintiffs in the class action. 767 F. Supp. 2d 263, 266 (D Mass. 2011); *see also Walker v. Liggett Grp., Inc.*, 982 F. Supp. 1208, 1210-11 (S.D. W. Va. 1997) (stating that no person or entity other than the Attorney General of that state is authorized to represent that state).  Therefore, federal, state, and local agencies have, in some jurisdictions, been included in class actions as a plaintiff.

Moreover, Defendant argues in the motion to strike that the Eleventh Amendment "generally bars federal court jurisdiction over the States and their Agencies." (ECF No. 61 at 23).  While this is true, the Eleventh Amendment has generally been interpreted as protection for States from suits brought by citizens in federal court. *Douglas v. Cal. Dep't of*

*Youth Auth.,* 271 F.3d 812, 817 (9th Cir. 2001) (quoting *Hans v. Louisiana*, 134 U.S. 1,15 (1890)); *see also Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (stating that Eleventh Amendment immunity is an affirmative *defense*) (emphasis added); *Katz v. Regents of the Univ. of Cal.*, 229 F.3d 831, 834 (9th Cir. 2000) (stating that the Eleventh Amendment grants the State a legal power to assert a sovereign immunity *defense*) (emphasis added). In other words, the Eleventh Amendment is generally used as a defense from suit – not as a bar to bring suit. However, the court was unable to locate any binding case law holding that the Eleventh Amendment precludes states from being plaintiffs in a class action or that states that the Eleventh Amendment cannot be applied in this manner.

This motion to stay creates a difficult situation. The undersigned is not entirely convinced that Defendant's motion to strike will be granted. However, it does appear that the issues presented by the motion to strike are novel and present a variety of issues that appear to be legally unsettled. Moreover, how the undersigned sees the issues presented by the motion to strike may be very different from how the assigned district judge will see these same issues. Ultimately, it is the assigned district judge who will make the ultimate determination on whether the issues related to whether Plaintiff can represent state, federal and local law enforcement agencies in this case. Although the undersigned may not be entirely convinced that the motion to strike will be granted, the court must also consider whether, as a general matter, granting a limited stay is nonetheless appropriate under the circumstances. In this case, after considering all of the facts and circumstances related to the limited request for a stay, the court finds it is more prudent to grant the requested stay, which appears to limited to a fairly isolated issue until the assigned district judge makes a determination of the merits of Defendant's motion to strike.

Therefore, the court will grant a limited stay of discovery requested by Defendant at this time. However, this stay does not apply to any other aspects of discovery, including

discovery related to the sales of law enforcement models to individual consumers – whether those consumers are members of law enforcement or not.

## III.    CONCLUSION

Accordingly, the motion for stay pending ruling on the motion to strike (ECF No. 64) is **GRANTED in part** and **DENIED in part** as stated above.

**IT IS SO ORDERED.**

DATED:  July 6, 2020.

_____
UNITED STATES MAGISTRATE JUDGE